# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM G. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV1914 DDN |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of William Carter for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a civilly-committed sexually violent predator at Missouri Sexual Offender Treatment Center, frequently files frivolous cases with the Court. Plaintiff brings the instant action under 42 U.S.C. § 1983, alleging that he is being illegally detained at MSOTC because he has never been convicted of a sexually violent offense. Plaintiff claims that he was found not guilty by reason of insanity and, therefore, defendant has no legal basis for detaining him.

**Discussion**

Plaintiff pled not guilty by reason of a mental disease or defect to several charges of sexual assault on January 21, 2002. Missouri v. Carter, 125 S.W.3d 377,

378 (Mo. App. 2004). The charges included forcible sodomy, kidnaping, felonious restraint, and deviate sexual assault. Id. Plaintiff's victim was a sixteen-year-old girl. Id.

Under Missouri's Sexually Violent Predator Act (the "Act"), Mo. Rev. Stat. §§ 632.480 - 632.513, a "sexually violent predator" may be confined in the Missouri Department of Corrections until such time as he or she is adjudicated not to be dangerous. Under the Act, a sexually violent predator is "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:

> (a) Has pled guilty or been found guilty, *or been found not guilty by reason of mental disease or defect* pursuant to section 552.030, RSMo, of a sexually violent offense . . .

Mo. Rev. Stat. § 632.480(5) (emphasis added).

Carter was found not guilty be reason of a mental disease or defect to several sexually violent offenses. As a result, there is statutory authority for his detention at MSOTC, and the complaint is frivolous under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of dismissal shall accompany this Memorandum and Order.

Dated this 7th day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE